**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PATRICK MCRAY,<br><br>  Plaintiff,<br><br>v.<br><br>TYSON FOODS, INC.,<br><br>  Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, PATRICK MCRAY, by and through his attorneys and for his Complaint against the Defendant, TYSON FOODS, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a complaint for damages and equitable relief and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

2. Specifically, Plaintiff contends that he is an individual within the meaning of the ADA, that Defendant unreasonably refused to consider accommodation of his disability and discharged him because of his disability, in violation of the ADA.

3. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

   a. Plaintiff filed a Charge of Discrimination, number 440-2019-01563, with the Equal Employment Opportunity Commission ("EEOC") on December 6, 2018.

   b. The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on February 22, 2019.

**PARTIES**

4. Plaintiff is an individual who at all relevant times resided in Chicago, Illinois.

5. On information and belief, Defendant is a corporation of the State of Delaware, whose principal place of business is located in Springdale, Arkansas.

6. Plaintiff is an "employee" within the meaning of the ADA, 42 U.S.C. § 12111(4), as he is an individual who was employed by an employer, the Defendant.

7. Plaintiff is a "qualified individual" within the meaning of the ADA, 42 U.S.C. § 12111(8), as he is an individual who, with or without reasonable accommodation, could perform the essential functions of his employment position.

8. Defendant is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5), as it is a "person" engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

**JURISDICTION AND VENUE**

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the event and omissions giving rise to Plaintiff's claims occurred in this judicial district.

**BACKGROUND FACTS**

11. Plaintiff began his employment with Defendant during or about June of 2018.

12. Plaintiff's most recent position with Defendant was as a Plant Safety Manager.

13. Throughout his employment with Defendant, Plaintiff performed the duties of his jobs to all legitimate expectations.

14. On or about August 25, 2018, Plaintiff was the victim of a violent assault, resulting in a torn retina in his right eye, a severe concussion, and a damaged tooth requiring a root canal.

15. Plaintiff's injuries substantially limited several of his major life activities including, but not limited to, the following:

    a. Plaintiff was unable to see out of his right eye due to severe light sensitivity;

    b. Plaintiff was unable to drive to work;

    c. Plaintiff had difficulty reading a computer screen;

    d. Plaintiff's concussion caused him to suffer from vertigo making it difficult to stand for long periods of time; and

    e. Plaintiff was unable to eat or sleep properly because of his damaged tooth.

16. During or about August of 2018, Plaintiff took a few days off to see a doctor about his injuries.

17. Plaintiff called his supervisor, Mr. Charalick ("Charalick"), Defendant's human resources manager, and informed Charalick that he was seeing a doctor for his injury. Charalick instructed Plaintiff to return to work on September 5, 2018.

18. When Plaintiff returned to work on September 5, 2018, Charalick requested that Plaintiff sign a written warning for missing work.

19. Plaintiff refused to sign the written warning because he had notified Charalick of his legitimate reason for seeing a doctor and being absent from work and had been instructed to return on September 5, 2018, which he did.

20. Charalick suspended Plaintiff for refusing to sign the written warning.

21. Plaintiff called Defendant's corporate hotline on September 6, 2018 to complain about his suspension.

22. As a result of Plaintiff's complaint to Defendant's corporate hotline, his employment was immediately terminated.

23. Defendant retaliated against Plaintiff for complaining about his supervisor's unlawful discrimination, which led to his termination.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

24. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 23 above as if reiterated herein.

25. Defendant intentionally discriminated against Plaintiff on the basis of his disability in one or more of the following ways:

    a. Failing to reasonably accommodate his disability;

    b. Terminating Plaintiff because of his disability; and/or

    c. Retaliating against Plaintiff for requesting accommodations due to his disability; and/or

    d. Retaliating against Plaintiff for engaging in a legally protected activity, as described above.

26. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

27. As a direct and proximate result of the conduct of Defendant as described above, Plaintiff suffered damages as herein alleged which include, but are not limited to:

    a. Termination from his position as a Plant Safety Manager;

    b. Loss of earnings and employment benefits;

    c. Loss of benefits related to employment, including health insurance; and

    d. Stress, aggravation, emotional distress, mental anguish, and similar categories of damages.

Wherefore, Plaintiff, PATRICK MCRAY, respectfully prays this Honorable Court enter judgment against Defendant, TYSON FOODS, INC., as follows:

a. Declaring the Defendant's practices complained of herein unlawful and in violation of the ADA;

b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of disability;

d. Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which she would have received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the actions of Defendant;

f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the actions of Defendant;

g. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h. Awarding Plaintiff compensatory and/or punitive damages for Defendant's conduct, and granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

PATRICK MCRAY

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, Illinois 60062
Phone: (224) 218-0875
Fax: (866) 633-0228
dlevin@toddflaw.com